**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00226-CV**
_____

**IN THE INTEREST OF G.E.D.**

_____

**On Appeal from the County Court at Law**
**Orange County, Texas**
**Trial Cause No. C190766-D**

_____

**MEMORANDUM OPINION**

H.D. (H.D. or Appellant) appeals from a judgment terminating his parental rights to his daughter, G.E.D.[1] On appeal, H.D. argues he was denied procedural due process because he was not properly admonished of his right to appointed counsel and such denial caused error that rendered an improper judgment. In its appellate brief, the Department of Family and Protective Services (the Department) agrees that the trial court failed to properly admonish H.D. of his right to counsel and that it was reversible error and that the case should be remanded to the trial court for a new trial.

---

[1] To protect the identity of the minor, we use initials to refer to the child and her father. *See* Tex. R. App. P. 9.8(b)(2).

1

Section 107.013(a)(1) mandates the appointment of an attorney ad litem for an indigent parent who opposes the termination of the parent-child relationship in a suit filed by the Department. Tex. Fam. Code Ann. § 107.013(a)(1). To trigger the process for mandatory appointment of counsel in a termination proceeding, a parent must file an affidavit of indigence pursuant to Rule 145 of the Texas Rules of Civil Procedure. Tex. R. Civ. P. 145(e); *In re B.C.*, 592 S.W.3d 133, 136 (Tex. 2019).[2]

Additionally, the trial court is required to admonish a parent at the first hearing at which the parent appears of: (1) their right to be represented by an attorney, and (2) if they are indigent and appearing in opposition to the suit, the right to have an attorney appointed to represent them in the proceedings. Tex. Fam. Code Ann. § 107.013(a-1)(1), (2). And, the trial court must provide an admonishment at the status hearing and permanency hearing to a parent who is not represented by an attorney of the right to be represented by an attorney, and if they are indigent and appear in opposition of the suit, of their right to a court-appointed attorney. *Id.* § 263.0061(a)(1).

Rule 44.1(a)(1) of the Texas Rules of Appellate Procedure states that the judgment may not be reversed unless this Court concludes that the error "probably

---

[2] H.D.'s failure to file an affidavit of indigence is not dispositive because, as this Court discusses below, the trial court failed to properly admonish H.D. as required by section 263.0061(a). *See In re B.C.*, 592 S.W.3d 133, 136-37 (Tex. 2019).

caused the rendition of an improper judgment[.]" Tex. R. App. P. 44.1(a)(1); *In re S.R.*, No. 10-19-00235-CV, 2019 Tex. App. LEXIS 11277, at *5 (Tex. App.—Waco Dec. 31, 2019, pet. denied) (mem. op).

The record indicates that the Department filed an Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship on September 16, 2019. H.D. signed a Waiver of Service, and he appeared without counsel at the full adversary hearing on September 26, 2019. At the adversary hearing, after H.D. had already testified, the trial court admonished him of his right to request court-appointed counsel:

> So you need to know that the right to request a court-appointed attorney lasts you throughout this case, so if ever there's a time it comes up and you feel like, "You know what, I think I'm going to get an attorney," you can always ask and if you are indigent I will appoint a court-appointed attorney for you.

H.D. did not request an attorney at the hearing. An Acknowledgment of Right to be Represented by Counsel that was signed by H.D. on October 8, 2019 appears in the clerk's record.

H.D. appeared at the status hearing on November 14, 2019 without counsel and testified. H.D. stated that he signed an acknowledgement of paternity at the time of G.E.D.'s birth. The trial court acknowledged H.D. as G.E.D.'s legal father and instructed the Department to create a service plan for H.D. The trial court did not

3

admonish H.D. of his right to an attorney or his right to request a court-appointed attorney if he was indigent.

H.D. then appeared without counsel at the initial permanency hearing on February 27, 2020. H.D. and others testified, and the record does not contain any admonishment from the trial court to H.D. as to his right to counsel or his right to request court-appointed counsel. On June 11, 2020, H.D. again appeared without counsel via Zoom at a subsequent permanency hearing. After testimony and at the close of the hearing, the trial court did admonish H.D. that his deadline to apply for a court-appointed attorney was July 3, 2020.

On September 17, 2020, H.D. appeared without counsel at the bench trial via Zoom. H.D. was not informed of his right to an attorney before he or others testified, but at the close of the trial he was advised by the trial court to consult an attorney regarding an appeal. The trial court signed an Order of Termination, terminating H.D.'s parental rights under section 161.001(b)(1)(O) and finding that termination was in G.E.D.'s best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(O), (2).

H.D. appeared without counsel at all stages of the proceeding, and we agree with the parties that the trial court failed to admonish H.D. of his right to counsel at the initial status hearing and each permanency hearing in violation of section 263.0061(a)(1). *See id*. § 263.0061(a)(1). Although the trial court did inform H.D. during one of the status conferences that his right to counsel and right to appointed

4

counsel if he was indigent would continue throughout the process, on the record now before us, we cannot say that the error was harmless, and we conclude that a reversal is required, and H.D. is entitled to a new trial. *See* Tex. R. App. P. 44.1(a)(1); *In re S.R.*, 2019 Tex. App. LEXIS 11277, at \*\*5-6; *see also In re B.C.*, 592 S.W.3d at 137 (trial court's noncompliance with section 263.0061 was not harmless error and reversal was proper where indigent parent unrepresented at parental-rights-termination trial had parental rights terminated). We sustain Appellant's issue. We reverse and remand this proceeding for a new trial.

REVERSED AND REMANDED.

_____
LEANNE JOHNSON
Justice

Submitted on December 28, 2020
Opinion Delivered January 21, 2021

Before Kreger, Horton and Johnson, JJ.